UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN HUNTER                                          CIVIL ACTION

VERSUS                                                NO. 07-9009

SERV-TECH, INC, ET AL.                                SECTION "N" (1)

# O R D E R and R E A S O N S

Before the Court is the **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 57)** by Defendant Servtech Limited ("Servtech"). The motion is opposed. Having considered the pleadings, the original and supplemental memoranda, and the applicable law, the Court rules as set forth herein.

## I. BACKGROUND

On August 11, 2007, Brian Hunter was working as an electrician in international waters aboard the M/V JASCON 9. Chevron U.S.A., Inc. ("Chevron"), a defendant in this case, hired Dynamic Industries, Inc. ("Dynamic"), to perform certain operations in oilfields it controls off the coast of Angola. Dynamic allegedly arranged for Offshore Contractors Limited ("Offshore") to charter the M/V JASCON 9 to participate in the oilfield operations. Hunter was an employee of T.E.S.T. Automation & Controls, Inc. ("T.E.S.T."), also a defendant, and was a crew member aboard the M/V JASCON 9. While standing on board the ship preparing to transfer to another vessel, a pulley-block from a davit crane malfunctioned, came loose, and struck Hunter on the head. Servtech, a Scottish company, had allegedly inspected the weight-bearing capacity of the

davit crane. Hunter filed suit under general maritime law claiming failure to train and supervise, negligent operation, hazardous conditions, and unsafe work environment.

## II. ANALYSIS

Servtech moves to dismiss for lack of personal jurisdiction. When a nonresident defendant so moves, the plaintiff bears the burden of showing that personal jurisdiction exists. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When a court rules on this issue without a full evidentiary hearing, plaintiffs need only make a prima facie showing of jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). In determining whether plaintiffs have made a prima facie showing of jurisdiction, the Court accepts as true the allegations in the complaint, unless controverted by opposing affidavits, and resolves all factual conflicts in favor of the plaintiff. *Id.* In making its determination, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of . . . recognized [discovery] methods." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process, *see* LA. REV. STAT. § 13:3201(B), the Court must determine only whether the exercise of its jurisdiction in this case satisfies federal due process requirements. The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state and (2)

2

exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Minimum contacts may give rise either to "specific" personal jurisdiction or "general" personal jurisdiction. *See id.* Specific jurisdiction exists when a plaintiff's cause of action arises from or is related to the defendant's minimum contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Wilson*, 20 F.3d 644 at 647. General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contact with the forum state, if the defendant has engaged in "systematic and continuous" activities in the forum state. *See Helicopteros*, 466 U.S. at 414 n.9; *Wilson*, 20 F.3d at 647. This case presents only the question of specific jurisdiction.

To determine whether specific jurisdiction exists, courts examine whether the defendant purposefully availed himself of the privileges of conducting activities in the forum state, and whether the cause of action arises out of or relates to those activities. *See Guidry v. United States Tobacco Co., Inc*., 188 F.3d 619, 625 (5th Cir. 1999); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 547-48 (5th Cir. 1985). A defendant's connection with the forum state must be such that he "should reasonably anticipate being haled into court" there. *Latshaw*, 167 F.3d at 211 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). To determine whether specific jurisdiction exists, the Fifth Circuit has developed a three-step analysis. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). The Court must look to (1) whether the defendant had minimum contacts and purposefully directed its activities toward the forum state or purposefully availed itself of

conducting activities there; (2) whether the cause of action arises out of defendant's contacts with the forum state; and (3) whether the exercise of personal jurisdiction is fair and reasonable. *Id*. (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

The fact that a plaintiff entered into a contract with an out-of-state party cannot by itself establish personal jurisdiction. *Burger King Corp. v. Ruzeqics*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). "But, when a nonresident defendant voluntarily enters into a contract which contemplates business activity by a forum-state entity foreseeable to the nonresident defendant, such action establishes a minimum contact sufficient for a valid exercise of jurisdiction over the nonresident defendant." *Consolidated Cos., Inc. v. Kern*, 2000 WL 1036186, at *3 (E.D. La. 2000) (citing *Miss. Interstate Express, Inc. v. Transpo, Inc*., 681 F.2d 1003, 1007 (5th Cir. 1982)). In a breach of contract case, among the factors that a court should consider in determining whether there has been purposeful availment are prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing. *Stuart*, 772 F.2d at 1193 (citing *Burger King*, 471 U.S. at 479).

Once a court determines that a plaintiff's cause of action arose out of defendant's minimum contacts with the forum state, that court will next consider whether asserting specific jurisdiction offends "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. This prong of the analysis requires consideration of "the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and the basic equities." *Stuart*, 772 F.2d at 1191 (quoting *Southwest Offset, Inc. v. Hudco Publ'g Co.*, 662 F.2d

149, 152 (5th Cir. 1980)).

In this case, the Court concludes that Servtech does not have minimum contacts with Louisiana sufficient to justify the exercise of this Court's jurisdiction over the company under the state's long-arm statute. In a declaration filed pursuant to 17 U.S.C. § 1746, the joint managing director of Servtech declared that the company conducts no business in Louisiana, enters into no contracts in the state, does not own property in Louisiana and holds no accounts here, and does not market its services or solicit business here. Def.'s Reply at Ex. C (Rec. Doc. 72) (White declaration). In the instant case, Servtech was retained by Offshore Contractors, a Dutch company, after negotiations in Angola and the United Kingdom. Servtech never entered into any negotiations with Chevron, Dynamic, or T.E.S.T. to work on the M/V JASCON 9, and was not aware that any company subject to jurisdiction in Louisiana was involved in the oilfield operations that gave rise to the instant suit. Hunter has offered no evidence at all to rebuff this evidence and thus has failed to carry his burden of showing personal jurisdiction over Servtech.

**B. Rule 4(k)(2)**

Hunter argues in the alternative that Servtech may be subject to the Court's jurisdiction pursuant to Rule 4(k)(2), which reads in relevant part:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

FED. R. CIV. P. 4(k)(2). This rule has been applied to cases brought under the general maritime law. *World Tanker Carriers Corp. v. M/V YA MAWLAYA*, 99 F.3d 717, 722-23 (5th Cir. 1996). Due process is measured with reference to the Fifth Amendment. *Id.* Therefore, the Court's

inquiry under the Rule is whether the Defendant's contacts with the United States have been sufficiently "continuous and systematic" to support a finding of personal jurisdiction.

Citing to *Blanco v. Carigulf Lines*, 632 F.2d 656, 657 (5th Cir. 1980), Hunter argues that he is not required to rely upon a defendant's affidavit when he has propounded unanswered interrogatories touching upon jurisdictional issues relating to Rule 4(k)(2). The Court agrees and thus will deny the instant motion without prejudice. Because the interrogatories, requests for production, and requests for answers already propounded include requests on both substantive and jurisdictional matters, those discovery requests are quashed and Hunter is granted leave to propound new interrogatories, limited to the subject of Servtech's contacts with the United States. These interrogatories shall be propounded within 7 days of the date of this Order and Servtech shall respond to those interrogatories within 30 days of receipt of the interrogatories. After answering, Servtech may renew its motion to dismiss if it chooses.

### III. CONCLUSION

As set forth above, **IT IS ORDERED** that the motion is **DENIED WITHOUT PREJUDICE.** Plaintiff is granted leave to propound interrogatories limited to the subject of Servtech's contacts with the United States. These interrogatories shall be propounded within 7 days of the date of this Order and Servtech shall respond to those interrogatories within 30 days of receipt of the interrogatories.

New Orleans, Louisiana, this 14th day of April, 2009.

_____
**KURT D. ENGELHARDT
United States District Judge**