UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN HUNTER | * | CIVIL ACTION NO. 07-9009 |
| | * | |
| VERSUS | * | SECTION "N", MAGISTRATE 3 |
| | * | |
| SERV-TECH, INC., TEST | * | JUDGE KURT D. ENGELHARDT |
| AUTOMATION & CONTROLS, INC., | * | |
| OFFSHORE CONTRACTORS LIMITED, | * | MAGISTRATE DANIEL E. KNOWLES |
| SEA TRUCKS GROUP, and JASCON 9 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER ON BEHALF OF SERVTECH LIMITED BY SPECIAL AND LIMITED APPEARANCE TO PLAINTIFF'S ORIGINAL AND FIRST SUPPLEMENTAL AND AMENDING COMPLAINTS UNDER ADMIRALTY AND GENERAL MARITIME LAW**

NOW INTO COURT, through undersigned counsel, comes SERVTECH LIMITED, sought to be made a Defendant in the above entitled and numbered cause, who, by special and limited appearance, for answer to the Original and First Supplemental and Amending Complaints of Plaintiff, BRIAN HUNTER, avers that:

**FIRST DEFENSE**

Defendant, SERVTECH LIMITED, expressly denies that it is subject to the personal jurisdiction of this Honorable Court and that the exercise of jurisdiction over Defendant would be consistent with the United States Constitution and laws. Defendant has previously moved herein to dismiss Plaintiff's

Complaints pursuant to Federal Rule of Civil Procedure 12(b)(2) based on lack of personal jurisdiction.  Said Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) Based on Lack of Personal Jurisdiction was denied by this Honorable Court, without prejudice to the rights of Defendant to re-file the Motion following jurisdictional discovery.  As such, Defendant files this responsive pleading, with full reservation of all jurisdictional rights and defenses, particularly those set forth in Federal Rule of Civil Procedure Rule 12(b), and with full reservation of all rights to renew and re-file its Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) Based on Lack of Personal Jurisdiction, as authorized by this Honorable Court's Order of April 14, 2009 [Doc. No. 84]. Defendant further hereby re-alleges and re-avers all defenses, objections, denials and pleadings it has previously filed in this cause (by motion or otherwise) as if copied herein <u>in extenso</u>.

### SECOND DEFENSE

The Complaints filed herein fail to state facts which would support the jurisdiction of this Court, or that the Court is a proper venue for the action filed.

### THIRD DEFENSE

Alternatively, the Complaints filed herein fail to state a cause of action upon which relief can be granted.

**FOURTH DEFENSE**

In the further alternative, and subject to the exceptive allegations hereinabove set forth, Defendant denies each and every allegation of the Plaintiff's Original Complaint and First Supplemental and Amending Complaint, except as the same may be hereafter admitted or modified. In further responding to the said allegations, Defendant avers as follows:

1.

The allegations of Paragraph 1 of the Original Complaint require neither an affirmative nor negative response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein. Defendant further specifically denies that it is subject to the jurisdiction of this Court.

2.

In response to the allegations of Paragraph 2 of the Original Complaint, as supplemented and amended by Paragraph II of the First Supplemental and Amending Complaint, except to admit that SERVTECH LIMITED has been named a Defendant herein, and to deny that SERVTECH LIMITED is an alien corporation doing business in the State of Louisiana and in the Eastern District of Louisiana, the allegations of Paragraph 2, as supplemented and

amended, are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 of the Original Complaint, as supplemented and amended by Paragraph III of the First Supplemental and Amending Complaint, are denied.

4.

The allegations of Paragraph 4 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Original Complaint, as supplemented and amended by Paragraph IV of the First Supplemental and Amending Complaint, are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 of the Original Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 of the Original Complaint are denied.

10.

The allegations of Paragraph 10 of the Original Complaint, as supplemented and amended by Paragraph V of the First Supplemental and Amending Complaint, are denied as to SERVTECH LIMITED. All other allegations of Paragraph 10, as supplemented and amended, are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 of the Original Complaint, as supplemented and amended by Paragraph VI of the First Supplemental and Amending Complaint, are denied.

12.

The allegations of Paragraph 12 of the Original Complaint, as supplemented and amended by Paragraph VII of the First Supplemental and Amending Complaint, are denied.

13.

The allegations of Paragraph 13 of the Original Complaint are denied.

14.

The allegations of Paragraph 14 of the Original Complaint are denied.

15.

The allegations of Paragraph 15 of the Original Complaint require neither an affirmative nor negative response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the Original Complaint are denied.

17.

The allegations of Paragraph 17 of the Original Complaint are denied.

18.

The allegations of Paragraph 18 of the Original Complaint require neither an affirmative nor negative response on behalf of Defendant; however, to the extent that same may be deemed necessary, the allegations of Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in any unnumbered/misnumbered Paragraphs, preambles to Paragraphs and/or Sub-Paragraphs, are denied, as are the prayers for relief. Any and all allegations contained in the Plaintiff's Complaints, not specifically answered hereinabove, are hereby denied.

**FIFTH DEFENSE**

Defendant avers that at the time of the alleged accident, Plaintiff was not under the control and supervision of the Defendant and was not a seaman nor a member of the crew of a vessel or identifiable fleet of vessels in navigable waters or in navigation which was in the possession or under the control of Defendant, and, accordingly, the Plaintiff's exclusive remedy, if any, against Defendant is under the Louisiana Workers' Compensation Act or, alternatively, under the Longshore and Harbor Workers' Compensation Act.

**SIXTH DEFENSE**

Defendant avers that no warranty of seaworthiness was due to Plaintiff, or if any such warranty was owed, Defendant denies that there was any unseaworthiness constituting a proximate cause of the alleged accident in question.

**SEVENTH DEFENSE**

Alternatively, Defendant avers that the injuries and any resulting disability alleged by Plaintiff, BRIAN HUNTER, existed

prior to the alleged August 11, 2007 accident, and that as such, Defendant is not liable for said injuries and disabilities and any resulting damages to Plaintiff.  In the further alternative, and only in the event it should be found that these pre-existing injuries were aggravated by the alleged accident, Defendant avers its entitlement to the limitation of any damages claimed against it to those resulting from the aggravation alone and not from the pre-existing injuries.

### EIGHTH DEFENSE

Defendant denies that it, any person, firm, or corporation for whom it may be responsible were guilty of any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question.

### NINTH DEFENSE

Defendant denies that it, any person, firm, or corporation for whom it may be responsible were guilty of any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question, but on the contrary, avers that the incident and resulting injuries, if any, were caused by the fault, negligence, want of due care, or other legal fault of parties, named or unnamed, for whose actions Defendant is not

responsible, which must be quantified and legally allocated accordingly.

## TENTH DEFENSE

Defendant avers that the alleged incident in question and resulting injuries, if any, arose out of the acts of independent contractor(s) over whom Defendant exercised no control and for whose actions Defendant is not responsible.

## ELEVENTH DEFENSE

Alternatively, Defendant avers that the alleged incident in question and resulting injuries, if any, resulted from an unavoidable accident, an act of God and/or force majeure for which Defendant cannot be held responsible.

## TWELFTH DEFENSE

In the further alternative, if Defendant or any person, firm or corporation for whom Defendant may be responsible were guilty of any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question, or if for any other reason Defendant would be responsible to Plaintiff in this suit, Defendant avers that Plaintiff was guilty of contributory negligence constituting a proximate cause of the alleged accident in question, and further, that said contributory negligence is herein pleaded as the sole cause of the accident, or alternatively, in mitigation of damages.

**THIRTEENTH DEFENSE**

In the event, and solely in the event that liability is found to exist on the part of Defendant or someone for whom Defendant may be responsible, all of which is at all times specifically denied, Defendant avers that Plaintiff has failed to fully and properly mitigate his damages.

**FOURTEENTH DEFENSE**

In the further alternative, in the event liability is found on the part of Defendant, Defendant avers that it would be entitled to an offset and/or credit for the liability of any and all parties, named or unnamed, with whom the Plaintiff has settled.

**FIFTEENTH DEFENSE**

In yet the further alternative, Defendant avers that the alleged incident in question and resulting injuries, if any, were the result of independent, intervening and/or superceding events, factors, occurrences, operations and/or conditions over which Defendant had no control and for which Defendant cannot be held responsible.

**SIXTEENTH DEFENSE**

In yet the further alternative, Defendant avers that the alleged incident in question and resulting injuries, if any, were proximately caused or occasioned by materials, tools, equipment

and/or instrumentalities of parties, named or unnamed, for whom Defendant is not liable.

### SEVENTEENTH DEFENSE

Defendant further avers that it did not have ownership of or operational responsibility for any vessel(s) and/or vessel appurtenances relative to the alleged incident in question.

### EIGHTEENTH DEFENSE

In yet the further alternative, Defendant avers that the Plaintiff's claims are barred by the doctrine of open and obvious danger.

### NINETEENTH DEFENSE

Defendant further avers that the Plaintiff has no right to recovery of prejudgment interest.

### TWENTIETH DEFENSE

Defendant demands a trial by jury on all issues.

### TWENTY-FIRST DEFENSE

Defendant realleges and reavers all answers, defenses, denials, demands, claims, and pleadings it has previously filed herein as if copied herein *in extenso*.

### TWENTY-SECOND DEFENSE

Defendant reserves the right to supplement, amend or modify the affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

WHEREFORE, all premises considered, Defendant, SERVTECH LIMITED, by special and limited appearance, prays that its answer be deemed good and sufficient, and that after due proceedings be had, the demands of Plaintiff herein be rejected and that Plaintiff's suit be dismissed with full prejudice and at Plaintiff's cost. Defendant further prays for a trial by jury on all issues.

>
> Respectfully submitted,
>
> PREIS & ROY
> (A Professional Law Corporation)
>
>
> BY: /s/ Danielle M. Smith
> **EDWIN G. PREIS, JR. (#10703)**
> **DANIELLE M. SMITH (#24648)**
> 102 Versailles Blvd., Suite 400
> Post Office Drawer 94-C
> Lafayette, Louisiana 70509
> Telephone: 337-237-6062
> Facsimile: 337-237-9129
> E-mail:   egp@preisroy.com
>           dms@preisroy.com
>
> COUNSEL FOR SERVTECH LIMITED
> SPECIALLY APPEARING WITH FULL
> RESERVATION OF ALL RIGHTS AND
> DEFENSES PURSUANT TO FEDERAL RULES
> OF CIVIL PROCEDURE RULE 12(B) AND
> OTHERWISE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of filing to all counsel accepting electronic notice. I further certify that I mailed the foregoing document and notice of electronic filing filed by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                 /s/Danielle M. Smith
                                                 DANIELLE M. SMITH