UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN HUNTER                                          CIVIL ACTION

VERSUS                                                NO. 07-9009

SERV-TECH, INC, ET AL.                                SECTION "N" (1)

## O R D E R and R E A S O N S

Before the Court is a **Motion to Dismiss (Rec. Doc. 115)** for lack of personal jurisdiction by Defendant Offshore Contractors ("Offshore"), filed pursuant to Federal Rule of Civil Procedure 12(b)(2). The motion is opposed by Plaintiff Brian Hunter ("Hunter") and also by fellow Defendant Dynamic Industries ("Dynamic"). The question raised by Offshore's motion to dismiss is whether a litigant can "reserve" a defense of personal jurisdiction in a pre-answer motion to dismiss and thereby circumvent the requirement of Rules 12(g)(2) and 12(h)(1) that all 12(b)(2)-(5) defenses be combined into one consolidated pre-answer motion. Having considered the pleadings, the original and supplemental memoranda, and the applicable law, the Court denies the motion as set forth herein.[1]

---

[1] Dynamic has also filed a **Motion to Continue the Hearing Date (Rec. Doc. 122)** on the motion to dismiss, on grounds that it needs time to conduct jurisdictional discovery on Offshore's possible contacts with the Eastern District. Because the Court concludes that Offshore has waived its personal jurisdiction defense, the motion is **DENIED AS MOOT**.

# I. BACKGROUND

Since the factual background of this case has been extensively recounted in several earlier Orders & Reasons, *see* Rec. Docs. 69 and 127, the Court will limit the discussion to the relevant procedural history. Hunter filed the instant suit against Offshore, among others, on November 19, 2007. Offshore filed a motion to dismiss for insufficiency of service of process on June 19, 2008. This motion contained the following language in its second paragraph:

> None of these Defendant Movants submits to the jurisdiction of this Court. Defendants expressly reserve all rights to challenge the subject matter and/or personal jurisdiction of this Court over Defendant Movants and/or raise other defenses to this claim.

Mot. at 1-2 (Rec. Doc. 15). By leave of Court, Hunter filed an amended complaint on July 10, 2008. *See* Rec. Doc. 20. He then filed his response to the motion to dismiss on July 22, 2008. *See* Rec. Doc. 23. On July 25, 2008, Defendants including Offshore Contractors filed a motion to amend/correct the motion to dismiss to add documents that had inadvertently not been attached, as well as leave to file a reply to Hunter's opposition to the motion to dismiss. *See* Rec. Docs. 31 and 33. Both motions were granted. *See* Rec. Docs. 37 and 41. Offshore answered on September 11, 2008, raising lack of personal jurisdiction as its third affirmative defense. *See* Rec. Doc. 49. The Court ordered supplemental briefing on the motion to dismiss on October 24, 2008. *See* Rec. Doc. 55. The motion to dismiss was eventually granted in part and denied as moot as concerns Offshore, since Offshore concluded that Hunter had perfected service. *See* Rec. Doc. 69. Because of the extensive preliminary motion practice in this case, no scheduling order has yet been entered, almost two years after suit was initiated.

The instant motion was filed on July 27, 2009. *See* Rec. Doc. 115. Offshore argues that it does not have minimum contacts with the Eastern District of Louisiana for the exercise of this Court's jurisdiction over it to comport with due process. While not conceding the lack of such contacts, Hunter and Dynamic argue that Offshore has waived personal jurisdiction pursuant to Rules 12(g)(2) and 12(h)(1) by filing a pre-answer motion to dismiss without joining its personal jurisdiction argument in the motion. Offshore responds that the "reservation" language cited above in the first motion to dismiss is sufficient to put Hunter and other parties on notice that it challenged personal jurisdiction and that it has accordingly not waived the defense.

## II. ANALYSIS

The requirement that a court have personal jurisdiction over the parties is a due process right that may be waived either explicitly or implicitly. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-05 (1982). Rule 12(h)(1) of the Federal Rules of Civil Procedure requires that objections to personal jurisdiction, venue, and service of process be raised in a party's first responsive pleading. Under this rule, defendants wishing to raise any of these four defenses must do so in their first responsive pleading, either a Rule 12 motion to dismiss or an answer, or the omitted defense is waived. *Kersh v. Derozier*, 851 F.2d 1509, 1511-12 (5th Cir. 1988); *Golden v. Cox Furniture Mfg.*, 683 F.2d 115, 118 (5th Cir. 1982); *T & R Enters., Inc. v. Continental Grain Co.*, 613 F.2d 1272, 1277 (5th Cir. 1980). Specifically, the Rule states:

> A party waives any defense listed in Rule 12(b)(2)-(5) by:
>   (A) *omitting it from a motion* in the circumstances described in Rule 12(g)(2); or
>   (B) failing to either:
>     (i) *make it by motion* under this rule; or

> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1) (emphasis added). Rule 12(g)(2) is specific about what a litigant must do to avoid waiving his 12(b)(2)-(5) defenses if he chooses to move for dismissal prior to answering: "a party that *makes a motion* under this rule must not *make another motion* under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). (emphasis added). Accordingly, under Rule 12(g)(2), a party that makes a motion to dismiss under Rule 12(b) prior to answering must consolidate all its Rule 12 defenses into one motion. If it omits any of the defenses delineated in Rule 12(b)(2)-(5) in a pre-answer motion to dismiss, that defense is waived. *See Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993).

The language of these two rules, 12(g)(2) and 12(h)(1), with their use of phrases such as "make it by motion" and "makes a motion," suggests that to preserve its 12(b)(2)-(5) defenses prior to answering, a party cannot simply "assert" or "reserve" the defense, but must actually *argue* that defense in a motion that prays the Court to enter a ruling or order. A motion, after all, is "[a]n application made to a court or judge for the purpose of obtaining a rule or order directing some act to be done in favor of the applicant." Black's Law Dictionary 1013 (6th ed. 1990); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). To "make[] a motion" within the meaning of Rule 12(g)(2), therefore, is to request the Court to take some action—in the instant case, to dismiss the suit for insufficiency of service of process. By contrast, to "reserve" something (as Offshore purported to do in its earlier motion) is "[t]o keep back, to retain, to keep in store for future or special use, and to retain or hold over to a future

4

time." Black's Law Dictionary 1473 (4th ed. 1968). To "reserve" an issue has no quality of present demand for some action by the Court. Under this interpretation of the Rules, informing a court that you "reserve" a personal jurisdiction defense for argument on a later motion is not sufficient to prevent waiver of the omitted defense.[2] The defense must actually be raised by motion that requests the Court to dismiss the action on personal jurisdiction grounds, along with any other 12(b)(2)-(5) defenses a party may have.

This interpretation gains force when one considers the Advisory Notes to the Rule, which state:

> Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion. . . . *This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case*.

---

[2] It is useful to compare the "make[] a motion" language of Rule 12(g)(2) to Rule 12(b), which states, "Every defense to a claim for relief in any pleading must be *asserted* in the responsive pleading if one is required." Fed. R. Civ. P. 12(b) (emphasis added). To "assert" a thing is to "state as true, declare, maintain." Black's Law Dictionary 149 (4th ed. 1968). This language has consistently been interpreted such that a Rule 12(b) defense is preserved for later argument by later motion if it is merely pled in the answer, under the liberal notice pleading requirements of the Federal Rules. *See, e.g.*, *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 & n.5 (2d Cir. 2001); *Williams v. Equity Holding Corp.*, 498 F. Supp. 2d 831, 839 (E.D. Va. 2007). Rules 12(g)(2) and 12(h)(1), however, govern those situations where the defense is made by motion prior to the filing of the answer, and under those Rules, all Rule 12(b)(2)-(5) defenses must be consolidated and "made" in one motion or they are waived. Rule 12(b) does go on to state that "a party may assert the [Rule 12(b) defenses] by motion," and adds that such motions "must be made *before pleading* if a responsive pleading is allowed." *Id.* (emphasis added). This contrast merely highlights the difference between how a Rule 12(b)(2)-(5) defense is treated before and after filing an answer. Like all the Rule 12(b) defenses, such a defense is preserved if *asserted* at the filing of an answer, while before filing an answer, it is only preserved if it is *made* by one consolidated motion.

Fed. R. Civ. P. 12(g)(2) Advisory Notes to 1966 Amendment (emphasis added). Other commentators have noted the policy underlying the Rule, which is to

> eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. The defendant cannot delay the filing of a responsive pleading *by interposing these defenses and objections in piecemeal fashion*.

5C Wright & Miller, *Federal Practice and Procedure,* § 1384 (3d ed. 2004) (emphasis added); *see also Flory v. United States,* 79 F.3d 24, 25 (5th Cir. 1996) (noting that purpose of Rule is to "encourage the consolidation of motions and discourage the dilatory device of making them in a series"). The policy underlying the Rule, then, is *not* one of providing notice to other litigants.[3] Rather, the policy is one of promoting judicial efficiency by avoiding piecemeal, pre-answer litigation of 12(b)(2)-(5) defenses. To allow a litigant to "reserve" a 12(b)(2)-(5) defense for later argument without actually making and arguing the motion cuts against both the plain language of the Rule and the policy that the Rule seeks to enact. This interpretation of the Rule, thus, is not hypertechnical, but squarely supports the policy choice that the Rule drafters made: forcing litigants to combine certain preliminary defenses in one motion in the interest of preventing delay.

Despite a fairly broad search, the Court has found only two federal cases dealing even tangentially with whether a "reservation" of a defense in a pre-motion answer is sufficient to

---

[3] As noted in footnote 1, the policy underlying Rule 12(g), governing pre-answer motions, differs in this sense from the policy underlying the permissibility of simply providing notice to litigants in an answer that a Rule 12 defense is being asserted.

preclude waiver of that defense.[4] The first is *General Design Sign Co., Inc. v. American General Design, Inc.*, 2003 WL 251931 (N.D. Tex. 2003). In that case, the court found that a defendant had waived its personal jurisdiction defense by failing to argue the defense in its motion to dismiss for lack of venue, even in a case where under the statute at issue, objections to venue necessarily implied that personal jurisdiction was lacking. "Nothing in Defendants' Motion to Dismiss in any way raises the issue of personal jurisdiction," the district court concluded. "The fact that the analyses are interrelated . . . does not make raising only one of the grounds for dismissal sufficient." *Id.* at *1.

More on point is the Second Circuit case of *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724 (2d Cir. 1998). In that case, a defendant added a footnote to its first responsive pleading (filed after a default judgment) raising various grounds to set aside the judgment. The footnote purported to "preserv[e] its challenges to Transaero's improper service of process and this Court's lack of personal jurisdiction." *Id.* at 727. The Second Circuit concluded that under all the circumstances, this was sufficient to preserve these defenses despite not having actually argued them in the first responsive pleading. The case, however, featured several procedural twists and can be distinguished from the instant motion even aside from not being on all fours with the instant facts. In *Transaero*, the defendant was forced to move to set

---

[4] By contrast, there are many cases dealing with how specific a reservation of a 12(b) defense in an answer need be to preclude waiver, or the time within which a litigant must pursue a 12(b) defense asserted in answer. *See, e.g.*, *PaineWebber Inc. v. Chase Manhattan Private Bk. (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001) (acknowledging "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections")); *Panhandle Eastern Pipeline Co. v. Brecheisen*, 323 F.2d 79 (10th Cir. 1963) (noting that conclusory recitation of personal jurisdiction defense in answer sufficient to preclude waiver).

7

aside the judgment but was at that time barred from raising the lack of personal jurisdiction defense by a prior judgment in the District Court for the District of Columbia that was *res judicata* in the New York district court. The D.C. decision was eventually reversed by the D.C. Circuit and defendant pursued the personal jurisdiction defense in the New York district court. "By raising the defenses in its first responsive motion in the EDNY but not arguing them," the Second Circuit concluded,

> the BAF steered a middle course between the *res judicata* effect of the D.C. district court's decision and the dictates of Rule 12(h)(1). . . . At the time of the motion, the BAF was precluded from arguing the propriety of service of process or personal jurisdiction because the D.C. district court decision on these issues was entitled to *res judicata* effect pending the D.C. Circuit's decision on appeal.

*Id.* at 730. In essence, the defendant in *Transaero* was caught in a procedural trap that is not relevant here, and the decision can be limited to its unusual facts.

The Court is aware that the outcome it reaches today is a harsh one, especially in light of the fact that it appears that, absent waiver, this motion might well be granted.[5] But the Court is duty-bound to apply the law as it is written, and as written the Rules enact a policy of requiring all 12(b)(2)-(5) defenses to be made by motion, once, prior to filing an answer. Given this policy, Offshore's "reservation" language is not sufficient to preclude waiver pursuant to Rules 12(g)(2) and 12(h)(1). The Court concludes that Offshore's second 12(b) motion is barred by Rules 12(h)(1) and 12(g)(2) and that it has waived personal jurisdiction in this matter.

---

[5] In light of its determination that Offshore has waived personal jurisdiction, the Court declines to consider the parties' arguments regarding whether Offshore has minimum contacts with this forum sufficient to support the exercise of the Court's jurisdiction over it. However, though the Court does not hereby decide the issue, after reading the briefs it appears that defending the instant lawsuit constitutes Offshore's only contact with this forum.

## III. CONCLUSION

Considering the foregoing, Offshore Contractors' motion to dismiss for lack of personal jurisdiction is **DENIED**.

New Orleans, Louisiana, this 27th day of August, 2009.

_____
**KURT D. ENGELHARDT
United States District Judge**