UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN HUNTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-9009** |
| **SERV-TECH, INC, ET AL.** | **SECTION "N" (3)** |

## ORDER AND REASONS

Before the Court is Defendant Offshore Contractors, Limited's Motion to Reconsider Order and Reasons Denying Offshore its Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 149). This Motion is opposed by Plaintiff, Brian Hunter, and Defendant Dynamic Industries, Inc. After considering the August 27, 2009 Order and Reasons (Rec. Doc. 146), the memoranda of the parties, and the applicable law, the Court denies this motion for the reasons set forth herein.

The factual background of this case was described at length in the August 27, 2009 Order and Reasons (Rec. Doc. 146), so the Court will move directly to its analysis of the instant motion.

A district court has considerable discretion to grant or deny a motion for reconsideration. See *Edward H. Bohlin Co. v.*

*Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Mendler v. Derouen*, 2009 WL 411244, at *1 (E.D.La. 2009) (Vance, C.J.). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)). A Rule 59(e) motion is an extraordinary remedy and is seldom granted. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment." *Id*.

Defendant does not present the Court with any new authority that could establish a manifest error of law or fact committed by the Court or any authority that could not have been presented tot he Court prior to its August 27, 2009 ruling on the underlying motion to dismiss. Instead, Defendant merely attempts to reargue the facts and the law already considered by the Court in the Order of August 27, 2009. Consequently, Defendant Offshore

Contractors fails to meet the burden required to prevail on a Rule 59(e) Motion for Reconsideration. Accordingly, **Defendant Offshore Contractors, Limited's Motion to Reconsider Order and Reasons Denying Offshore its Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 149)** is **DENIED.**

New Orleans, Louisiana, this 4th day of November 2009.

_____
KURT D. ENGELHARDT
United States District Judge